

1250 Broadway<br>
36th Floor<br>
New York, NY 10001

January 30, 2023

Hon. Analisa Torres
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

**Re: Sigalit Yehuda v. Jossef Kahlon, 21-cv-08921 (AT)**

Dear Judge Torres:

    I represent the Defendant and Counterclaim Plaintiff Jossef Kahlon ("Kahlon") in the above-captioned case, having recently substituted in, and write in opposition to Plaintiff Sigalit Yehuda's belated request to cross-move for summary judgment. Today is Kahlon's deadline to move for summary judgment; these papers will be filed shortly.

    The Court ordered the parties to submit any pre-motion letters to move for summary judgment by December 9, 2022 (ECF #50), yet Plaintiff filed her Pre-Motion Letter on January 23, 2023. Kahlon submits that Plaintiff should have met the December 9 deadline, or at least advised the Court of her intention to move in time for the Court to consider whether the parties' deadlines for motion practice should be the same. *See also* Fed. R. Civ. P. 56(b) (requiring motions for summary judgment to be filed within 30 days of the close of discovery absent court order).

    Moreover, Plaintiff's contemplated motion is frivolous. Plaintiff seeks an equitable accounting based on the "net proceeds of the sale" of property which was indisputably never sold by Kahlon or TJM. Cpt. at ¶ 11. There are no sales proceeds to account for. Plaintiff knows this sale did not happen. Nowhere in Plaintiff's Pre-Motion Letter does she identify the subject of the accounting. To the extent Plaintiff's Complaint is read as an effort to re-open matters which have been settled for twelve or more years, Plaintiff is barred by the statute of limitations and doctrine of laches from re-opening those transactions, particularly where Plaintiff and her husband netted more than $10 million from 2006-2010, all after a $200,000 investment.

    Finally, to the extent the Court considers Plaintiff's cross-motion, the Court should adhere to the existing briefing schedule and not permit a reply to the cross-motion. Plaintiff does not ask for a reply and acknowledges that the factual and legal overlap between the issues in the Motion and her putative cross motion are substantial.

                                Respectfully submitted,

                                  *Daniel Abrams*
                                Daniel L. Abrams

    cc: Steven Haffner, Esq.

Phone: 646-821-4575
Fax: 646-536-8905
www.lawyerquality.com
E-mail: dan@lawyerquality.com