UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SIGALIT YEHUDA                                          :
                                                        :
     Plaintiff,                :
                                                        :
         v.  : 21-cv-08921 (AT)
                                                        :
JOSSEF KAHLON,                                          : **RULE 56.1 STATEMENT IN**
                                                        : **SUPPORT OF**
     Defendant/Counterclaim Plaintiff : **DEFENDANT/COUNTERCLAIM**
                                                        : **PLAINTIFF'S MOTION FOR**
         v.  : **SUMMARY JUDGMENT**
                                                        :
AVRAHAM YEHUDA                                          :
                                                        :
     Counterclaim Defendant            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1(a), Defendant and Counterclaim

Plaintiff Yossef Kahlon ("Kahlon"), by undersigned counsel, respectfully submits this statement

of undisputed facts in support of his Motion for Summary Judgment against Sigalit Yehuda and

Avraham Yehuda ("Sigalit", ("Avi") or collectively, "the Yehudas").[1]

    1.     The real property known as and located at 3500 S Ledbetter Drive, Dallas,

Texas is owned by TJ Management LLC ("TJM").  Kahlon Decl. ¶¶ 18-19; Exh. E (Deed,

Property Tax Statements, Title Insurance Policy); Abrams Decl. Exh. 1, Kahlon Tr. 47:11-13.

    2.     The real property known as and located at 3500 S Ledbetter Drive, Dallas,

---

[1]    Numbered Exhibit references are to the exhibits to the Declaration of Daniel L. Abrams, Esq., in support of the Motion for Summary Judgment of Yossef Kahlon, dated January 30, 2023. Lettered Exhibit references are to the exhibits of the Declaration of Yossef Kahlon, dated January 28, 2023.  Facts admitted by Kahlon in this Statement are admitted solely for purposes of this summary judgment motion. *See* Local Rule 56.1(c) ("Each numbered paragraph in the statement of material facts … will be deemed to be admitted for purposes of the motion unless specifically controverted … by the opposing party."); *U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Union No. 3*, No. 00 Civ. 4763, 2006 WL 213249, at *4 (S.D.N.Y. Aug. 1, 2006) ("Under Local Rule 56.1(c), facts admitted by the plaintiffs' failure to properly dispute them are deemed admhe pitted for the purposes of the summary judgment motion only.").

Texas has not been, and has never been, sold to Project Verte, Inc. Kahlon Decl. ¶ 19, Exh. E.

3.      Counsel for Plaintiff and Counterclaim Defendant acknowledged prior to bringing this lawsuit that property that belongs to TJM has never been sold to Project Verte or anybody else.  Abrams Decl. Exh. 2, April 23, 2020 letter from Steven Haffner, Esq. to Jordan Weiss, Esq. (getting the address wrong and observing that "3450 E. Ledbetter Drive, Dallas Texas, is owned by TJ Management Group, LLC….").

4.      Plaintiff, when asked whether TJM's property had been sold or not, testified "I don't know."  Abrams Decl. Exh. 3, Sigalit Depo. at 29:6-13.  She also claimed she does not know whether TJM owns the property or not.  Sigalit Depo. at 68:12-18.  Counterclaim Defendant Avi Yehuda has acknowledged that "I always knew that (the Property) was in the ownership of T.J. Management."  Abrams Decl. Exh 4, Avi Tr. 26:22-27:2.  Elsewhere, he testified that he does not know who owns the property, and he "didn't do any research."  Avi Tr. 42:4-6.

5.      Plaintiff could not identify a single transaction which TJM has undertaken since 2012.  Abrams Decl. Exh. 3, Sigalit Tr. 76:2-4.  Avi believes TJM ceased activity no later than early 2011, observing that he wished Kahlon continued to run TJM; "I didn't have any say. I thought he should continue, but he stopped."  Abrams Decl. Exh. 4, Avi Tr. at 66:12-67:2.

6.      Kahlon never refused to provide information to Avraham or Sigalit.  Abrams Decl. Exh. 4, Avi Tr. at 48:5-18.  Avi acknowledges being the receiver of regular reports concerning the finances of TJM.  Avi Tr. at 44:4-16; 45:14-46:4.

7.      Neither Jossef Kahlon nor any entity affiliated with him has caused TJ Management LLC to sell 3500 S Ledbetter Drive, Dallas, Texas, or received any consideration for the sale of 3500 S Ledbetter Drive, Dallas, Texas. Kahlon Decl. at ¶¶ 18-19.

8.      Kahlon has caused TJM to pay property taxes on 3500 S Ledbetter Drive,

Dallas, TX totalling $115,649.  Abrams Decl. Exh. 1, Kahlon Tr. 112-16; Kahlon Decl. at ¶¶ 18-20.  TJM has not owned other real estate in Texas.  Kahlon Decl. at ¶ 19.

9.      Sigalit Yehuda and Avi Yehuda are married.

10.     In 2006 alone, Plaintiff admits TJM paid the Yehuda's $1,505,000 in profits while neither Sigalit nor Avi Yehuda played any role in performing services for TJM.  Abrams Decl., Exh. 3, Sigalit Tr. 42:3-22.  Plaintff admits the Yehudas received another $630,000 in profits was received in May of 2007.  Sigalit Tr. 45:8-18; 46:13-17.  Another $560,000 was received in December of 2007.  Sigalit Tr. 47:2-9.

11.     $10,466,300 was received by Avi from TJM from 2006-2010.  Kahlon Decl. at ¶ 5 and Exhs. A, B, and C thereto.

12.     Monies paid by TJM to the Yehudas were for the purchase and sale of stock, and were paid into Avi Yehuda's account.  Abrams Decl. Exh, 4, Avi Tr. 52:11-53:2.

13.     Sigalit Yehuda is responsible for 50% of the losses sustained by TJ Management LLC.  Abrams Decl. Exh. 4, Avi Tr. at 17:6-19; 42:15-20.

14.     Avi Yehuda is responsible for 50% of the losses sustained by TJ Management LLC.  Abrams Decl. Exh. 4, Avi Tr. at 42:15-43:14.

15.     Not included in the aforesaid gross profits are losses in the amount of $2,200,000 which have been sustained by way of disgorgement required by the SEC.  Kahlon Decl. at ¶¶ 15-16.

16.     In 2017, Mr. Kahlon requested that Avi Yehuda return certain monies that had been wired from TJM to Avi Yehuda, in consideration of payments made by TJM to the SEC.  Abrams Decl. Exh. 4, Avi Tr. at 56:14-57:5; 62:18-63:15; *See Generally* Kahlon Decl. at ¶¶ 17, 20.  Avi has ignored Kahlon's requests that Avi contribute monies towards TJM's expenses in paying the SEC settlement, in paying lawyers for legal defense, and in paying real

estate taxes and other costs associated with maintaining the 3500 S Ledbetter Drive property. *Id., See also,* Kahlon Decl. at ¶ 21.

17.     Sigalit Yehuda and Avi Yehuda have not paid any of the $2,200,000 in loss suffered by TJ Management LLC. Kahlon Decl. at ¶¶ 17, 21.

18.     Jossef Kahlon is in compliance with a settlement with the SEC whereby Kahlon and TNJ is required to pay $2,200,000 in compliance with the SEC disgorgement order , an $800,000 lamp sum and $200,000 over the course of seven years.  Kahlon Decl. at ¶¶ 15-16.

19.     The SEC required Jossef Kahlon and TJ Management LLC to disgorge profits due to a technical strict liability violation.  The SEC did not establish, and was not required to establish, a fraud or any other type of intentional wrongdoing by Jossef Kahlon or TJ Management LLC.  *SEC v. Kahlon,* 873 F.3d 500, 511-12 (5th Cir. 1987).

20.     As individuals admittedly responsible for 50% of TJ Management LLC's losses, Sigalit Yehuda and Avi Yehuda are responsible for $1,100,000, representing 50% of the monies Kahlon paid or will pay to the SEC on behalf of TJ Management LLC.  Abrams Decl. Exh. 4, Avi Tr. at 17:6-19; 42:15-43:14; Kahlon Decl. at ¶ 17.

21.     Neither Avi Yehuda nor Sigalit Yehuda have contributed any money towards property taxes, or maintaining the premises at 3500 S Ledbetter Drive, Dallas, Texas.  Kahlon Decl. at ¶¶ 18, 20.  Nor have either Yehuda contributed to legal fees paid to TJM's lawyers.  Kahlon Decl. at ¶ 17

22.     TJM incurred an approximately $1,000,000 loss due to unrealized stock investments which could not be sold due to the Court Order.  Kahlon Decl. at ¶ 18.  Avi and Sigalit have not contributed to any monies to TJM for this loss.  Kahlon Decl. at ¶ 21.

Dated: January 30, 2023

LAW OFFICE OF DANIEL L. ABRAMS, PLLC
1250 Broadway, 36th Floor
New York, NY 10001
Phone: (646) 821-4575


By: *Daniel Abrams*
      Daniel L. Abrams