UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

SIGALIT YEHUDA,

                                                                                                         21-cv-08921 (AT)

        Plaintiff,

    v.

JOSSEF KAHLON

        Defendant/Counterclaim Plaintiff,

    v.

AVRAHAM YEHUDA,

        Counterclaim Defendant.
_____

# PLAINTIFF'S AND COUNTERCLAIM DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT AND COUNTERCLAIM PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION

**GORDON & HAFFNER, LLP**
*Attorneys for Plaintiff and Counterclaim Defendant*
480 Mamaroneck Avenue
Harrison, New York 10528
(718) 631-5678

**Preliminary Statement**

Plaintiff Sigalit Yehuda and Counterclaim Defendant Avraham Yehuda submit this memorandum of law in opposition to Defendant's motion for partial reconsideration. (DE ## 84-85).

**Argument**

Defendant Jossef Kahlon's ("Kahlon") instant motion (DE # 84, p. 1 and DE # 85, p.1) asks this court to reconsider its order (DE #82) by striking the factual finding that "there was $10 million [in] consideration Kahlon, or his company, indisputably received in relation to the [Ledbetter] property, regardless of whether the sale actually occurred" (*Id.*, pp. 5-6) The court made the finding when it denied Kahlon's motion for summary judgment with respect to the claim of the Plaintiff, Sigalit Yehuda ("Sigalit"), for an accounting.

Kahlon's motion must fail because the factual finding, if stricken, would not alter the conclusion reached by the court. A motion to reconsider is proper only with respect to findings "that might reasonably be expected to alter the conclusion reached by the court." *Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995)). *See also Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) (same). The court's factual finding regarding the Ledbetter property is not such a matter. The elements of a cause of action for an equitable accounting are: (1) a fiduciary relationship; (2) entrustment of money or property; (3) the absence of other remedy; and (4) refusal of a demand for an accounting. None of the elements depends upon the nature of any specific transactions in which the defendant allegedly engaged or failed to engage after the entrustment.

Kahlon's motion fails for the additional reason that the court's factual finding was compelled by the record. Kahlon argues that the property he sold or brokered for $10,000,000.00 was not TJM's Ledbetter property but two different parcels of land in Dallas Texas, across the street from the Ledbetter property. (DE #85, p. 1). Kahlon cites no evidence in the record supporting his assertion, because none exists. To the contrary, the record established that Project Verte paid a total of $14,000,000.00 for all three Texas Properties: $10,000,000.00 paid in the form of credit to a Kahlon entity (DE #76-6, Project Verte Arbitration Decision and Award, p. 9, fn. 8) and $4,000,000.00 paid to Zuchaer & Zuchaer Consulting LLC for Flowerdale and the Stag Properties (DE #75, Declaration of Avraham Yehuda, p.3 at ¶¶ 8, 9).

Kahlon now argues that the court should have rejected the record evidence of a $10 million Ledbetter Property sale as unsworn hearsay. (DE #85, p. 3). However, because Kahlon did not previously challenge the admissibility of the cited evidence, he is precluded from doing so now, after this Court has ruled.

In short, the finding that Kahlon, on reargument, complains was erroneous was amply supported in the record -- that is, unless the Court were to credit Kahlon's fantastic claim the $10,000,000.00, he implicitly at least admits receiving, was not for *any* Texas property, but instead was a "broker's commission."

## Conclusion

For the foregoing reasons, the Court should deny in its entirety Defendant's motion for partial reconsideration and award Plaintiff and Counterclaim Defendant such other and further relief as may be appropriate.

Dated: October 10, 2023

**GORDON & HAFFNER, LLP**
*Attorneys for Plaintiff Sigalit Yehuda and Counterclaim Defendant Avraham Yehuda*
480 Mamaroneck Avenue
Harrison, New York 10528
(718) 631-5678

/s/  Steven R. Haffner
    Steven R. Haffner (SH 6271)
