UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YEHUDA SIGALIT,

                Plaintiff,

-against-

JOSSEF KAHLON,

                Defendant/Counterclaim Plaintiff,

-against-

AVRAHAM YEHUDA,

                Counterclaim Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/14/2023

21 Civ. 8921 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Pursuant to Local Rule 6.3 and Federal Rule of Civil Procedure 54(b), Defendant, Jossef Kahlon, seeks partial reconsideration of the Court's order dated August 30, 2023 (the "Order"), ECF No. 82, which granted Plaintiff Yehuda Sigalit's motion for summary judgment and denied Kahlon's. For the reasons stated below, Kahlon's motion for reconsideration is DENIED.

    Under Local Civil Rule 6.3, the standard for a motion for reconsideration is "strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (applying *Shrader* to a motion for reconsideration under Local Civil Rule 6.3). A motion for reconsideration is appropriate only where the movant shows that the Court "has overlooked controlling decisions or factual matters that were put before it on the underlying motion[,] and which, had they been considered, might have reasonably altered the result before the court." *Range Rd. Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (cleaned up).

    Under Federal Rule of Civil Procedure 54(b), moreover, the Court retains inherent authority to revisit its decisions before the entry of final judgment. *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 99 F.3d 538, 541 (2d Cir. 1996). Similar to the local rule, the moving party "ordinarily must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *In re Rezulin Prod. Liab. Litig.*, 224 F.R.D. 346, 350 (S.D.N.Y. 2004) (citation omitted).

    Kahlon asks the Court to strike a single finding in the Order: "that there was $10 million in consideration that Kahlon or his company 'indisputably received in relation to the property, regardless of whether the sale actually occurred.'"[1] ECF No. 84 (quoting Order at 5–6); *see also*

---

[1] The Court presumes familiarity with the facts and procedural history outlined in the Order. Order at 1–3.

ECF No. 85 at 1–2.  He argues that "[t]he implication from the finding is that Kahlon benefitted from [the property at issue] in a $10 million transaction," when in fact Kahlon profited from "other, nearby land" in which Plaintiffs had no interest.  ECF No. 85 at 1.

The Court has re-examined the record and finds no clear error in its determination that Kahlon received $10 million in consideration "in relation to the property."  Order at 6.  In his Answer, Kahlon admitted that "the $10,000,000.00" referenced in the complaint "represented consideration due to Kahlon for services rendered."  ECF No. 25 ¶ 10.  Then, in his deposition, Kahlon explained that he received the payment "for brokering the land[,] not for selling the land."  Kahlon Tr. at 137:5–9, ECF No. 63-1.

Kahlon now claims that he was talking about the other, unrelated parcels of land, not the property at issue in this case.  ECF No. 85 at 4.  But the portion of his deposition transcript that Kahlon cites does not support this contention.  In his deposition, Kahlon only reiterates his position that the relevant property "was never transferred," Kahlon Tr. at 138:13–20—a distinction that he raised at summary judgment, ECF No. 81 at 2, and that the Court deemed "irrelevant," Order at 6.  More generally, as the Court explained in its Order, Kahlon's narrow focus on the alleged sale of the property is misplaced, as "Sigalit's demand for an accounting extends beyond the alleged property transaction."  Order at 6.

Because Kahlon does not identify clear error in the Court's factual findings, the Court finds that Kahlon has failed to meet his burden for reconsideration under Local Rule 6.3 and Federal Rule of Civil Procedure 54(b).  Accordingly, his motion is DENIED.

The Clerk of Court is directed to terminate the motion at ECF No. 84.

SO ORDERED.

Dated:  December 14, 2023
        New York, New York

_____
ANALISA TORRES
United States District Judge