UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
YEHUDA SIGALIT,

      Plaintiff,

v.

JOSSEF KAHLON,

      Defendant.
-----------------------------------------------------------------x

Case No.: 1:21-cv-08921

Judge: Hon. Margaret M. Garnett

# MEMORANDUM OF LAW IN SUPPORT
# OF MOTION TO REOPEN TIME TO APPEAL
# PURSUANT TO FED. R. APP. P. 4(a)(6)

## PRELIMINARY STATEMENT

Defendant Kahlon seeks limited relief under Fed. R. App. P. 4(a)(6): reopening the time to file a notice of appeal for 14 days. This relief is warranted because Defendant did not receive notice of the entry of the Court's October 6, 2025 Opinion and Order (ECF No. 146) (the "Order") or the October 8, 2025 Judgment (ECF No. 148) (the "Judgment") within 21 days after entry. Mr. Kahlon in fact did not learn of these docket entries until Friday, December 12, 2025, when newly retained counsel (the undersigned) reviewed the docket and explained the status of the case to Mr. Kahlon.

Defendant has moved promptly within 14 days of that date.

The circumstances surrounding Defendant's lack of notice are unusual. Defendant's prior counsel was removed/withdrawn as of October 6, 2025, and Defendant states he did not receive notice of that withdrawal, did not receive the Opinion and Order or Judgment, and did not receive any subsequent communications from prior counsel. Defendant's prior letter dated November 25, 2025 (ECF No. 157) reflects that Defendant was only then learning for the first

1

time that prior counsel had withdrawn and that Defendant had not received notice. Further, although a certificate of service was filed representing that the October 6 Opinion and Order was served on Defendant on October 23, 2025, Defendant did not receive that service by mail or email and therefore disputes the accuracy of that representation as applied to him.

Rule 4(a)(6) exists to prevent forfeiture of appellate rights where a party did not timely receive notice of the entry of judgment. The Rule's criteria are satisfied here, and reopening will not prejudice Plaintiff.

## PROCEDURAL HISTORY

1. On October 6, 2025, the Court entered its Opinion and Order. (ECF No. 146.)
2. On October 8, 2025, the Clerk entered Judgment. (ECF No. 148.)
3. As of October 6, 2025, Defendant's prior counsel was removed/withdrawn, and Defendant was unrepresented at the time judgment was entered.
4. A certificate of service was filed stating that the October 6 Opinion and Order was served on Defendant on October 23, 2025; however, Defendant states he did not receive it by mail or email.
5. On November 25, 2025, Defendant filed a letter (ECF No. 157) explaining that he was only then learning that prior counsel had withdrawn and that he had not received notice of the withdrawal.
6. Defendant did not learn of the Opinion and Order (ECF No. 146) or Judgment (ECF No. 148) until Friday, December 12, 2025, when he had a call with newly retained counsel, who reviewed and explained the docket and the status of the case.
7. This motion is filed on December 16, 2025, within 14 days of Defendant's December 12, 2025 notice, and well within 180 days of the October 8, 2025 entry of judgment.

# ARGUMENT

## I. Defendant Did Not Receive Notice of Entry Within 21 Days. (Rule 4(a)(6)(A))

Rule 4(a)(6) requires a finding that the moving party did not receive notice under Fed. R. Civ. P. 77(d) of the entry of the order or judgment sought to be appealed within 21 days after entry. *See e.g. Bramble v Hynes*, 2025 US Dist LEXIS 177626, at *2 [EDNY Aug. 12, 2025, No. 23-CV-5141 (EK)(LB)].

Mr. Kahlon seeks an enlargement of his time to appeal with respect to the Court's October 6, 2025 Opinion and Order (ECF No. 146) and the October 8, 2025 Judgment (ECF No. 148).

The Court entered its Opinion and Order on October 6, 2025 (ECF No. 146), and the Clerk entered judgment on October 8, 2025 (ECF No. 148). However also on October 6, 2025, the Court issued an order permitting Attorney David Harris Haft to withdraw as counsel for Mr. Kahlon. (ECF No. 147). Therefore Mr. Kahlon was without representation as of October 6, 2025 and October 8, 2025.

On October 23, 2025, Mr. Haft filed a certificate of service with the Court indicating that he had served Mr. Kahlon "by electronic email to Defendant's personal email address and via Fed Ex delivery to Defendant at his last known address on this 23rd day of October, 2025." (ECF. No. 150).

This statement appears to be false.

As stated in Mr. Kahlon's declarations, his email records show no emails from Mr. Haft dated October 23, 2025, nor has he received any Fed-Ex packages from Mr. Haft in or around

3

those dates. Mr. Haft's declaration does not provide a copy of this email, the Fed-Ex Tracking No., or receipts showing that any documents were sent out via Fed-Ex by himself to Mr. Kahlon.

Mr. Kahlon did not received notice as to the Order and the Judgement until Friday, December 12, 2025, when newly retained counsel reviewed the docket and explained to Mr. Kahlon the status of the case.

## II. Defendant's Motion is Timely Under Rule 4(a)(6)(B).

Rule 4(a)(6)(B) requires that a motion to reopen be filed within the earlier of: (i) 180 days after entry of the judgment or order sought to be appealed, or (ii) 14 days after the moving party receives notice under Fed. R. Civ. P. 77(d) of the entry. This motion satisfies both temporal requirements.

The Judgment was entered on October 8, 2025 (ECF No. 148). This motion is filed well within 180 days of that entry. In addition, Mr. Kahlon states that he did not learn of the Court's October 6, 2025 Opinion and Order (ECF No. 146) or the October 8, 2025 Judgment (ECF No. 148) until Friday, December 12, 2025, when he retained new counsel and had a call during which undersigned counsel reviewed the docket and explained the existence and effect of the Order and Judgment. This motion is filed within fourteen (14) days of December 12, 2025, and therefore is timely under Rule 4(a)(6)(B).

Anticipating potential arguments, to the extent Plaintiff points to Defendant's November 25, 2025 letter (ECF No. 157) as purported evidence of earlier notice, that letter does not establish that Defendant received notice of the entry of the Opinion and Order or the Judgment, and it does not trigger the Rule 4(a)(6)(B) 14-day clock as to those entries. At most, the letter reflects Defendant's awareness of Plaintiff's motion as Mr. Kahlon's letter states.

4

But the critical documents at issue here—the Court's October 6, 2025 Opinion and Order (ECF No. 146) and the October 8, 2025 Judgment (ECF No. 148)—were never served on Mr. Kahlon. Defendant's letter thus confirms the opposite of what Plaintiff would need to show: that Defendant was reacting to a later-served motion, not acknowledging receipt of notice of entry of the underlying Order and Judgment. This is why Mr. Kahlon in his letter to the Court only asked for additional time to prepare a response to Plaintiff's motion. Had Mr. Kahlon been aware of the Order and Judgment, he would have requested leave to address those or alternatively filed an immediate appeal.

To the extent that there was any error here by Mr. Kahlon, leniency should be "afforded to pro se litigants in enforcing procedural rules." *Rosita Singh v United States Bank*, 2024 US Dist LEXIS 225429, at *20 [EDNY Dec. 12, 2024] (Granting *pro se* litigant fourteen extra days to appeal).

### III. Reopening Will Not Prejudice Plaintiff. (Rule 4(a)(6)(C))

Reopening under Rule 4(a)(6) does not decide the merits; it simply provides a short, 14-day window to file a notice of appeal. Plaintiff will not be prejudiced within the meaning of Rule 4(a)(6) by allowing Defendant to pursue an appeal on the standard appellate timeline and procedures. Any ordinary consequence of facing an appeal is not the kind of prejudice contemplated by Rule 4(a)(6); instead, prejudice typically concerns concrete, case-specific reliance interests that would be impaired by reopening. Plaintiff has no such reliance interest here that would outweigh reopening, particularly given the contemporaneous lack of notice and the counsel-withdrawal circumstances described above.

Here, Mr. Kahlon's motion has been filed two months after entry of the Order and the Judgment, which does not warrant a finding of prejudice. *See e.g. Usukumah v Kastell*, 2020 US

5

Dist LEXIS 216332, at *6 [EDNY Nov. 2, 2020, No. 15-CV-0374 (AMD) (RER)] (Finding no prejudice because plaintiff "brought his appeal within three months of the Court's decision")

**IV. The Court Should Require Prior Counsel to Submit Proof of Notice to Mr. Kahlon Regarding Service**

Given Defendant's sworn statements that (i) his email inbox contains no emails from prior counsel notifying him of counsel's withdrawal, (ii) no such notice appears in their text messages, and (iii) the last text message received from prior counsel is dated August 21, 2025, Defendant respectfully requests that the Court direct prior counsel to file a declaration attaching documentary proof of any notice provided to Mr. Kahlon regarding (a) withdrawal/removal and (b) service of the Opinion and Order and Judgment (including the date, method, and address/email used), so that the record is clear.

**V. Additional Equitable Context Supporting Reopening**

Although Rule 4(a)(6) is governed by its specific notice and timing requirements, the surrounding equities reinforce why reopening is appropriate here and why the Court should exercise its discretion to prevent an unjust forfeiture of appellate rights.

Mr. Kahlon was not merely left without counsel; he was left without counsel involuntarily, at an incredibly critical juncture, which was when the Court issued the Order and the Judgment. He received no notice that his counsel had withdrawn and no notice of the entry of the Order and Judgment. Mr. Kahlon was not afforded any time to find new counsel. As a result, he could not reasonably be expected to protect appellate rights within the ordinary deadline,

particularly where he was unrepresented and unaware that dispositive rulings had been entered.

These circumstances occurred in a complex matter with extensive procedural history, where a lay party—suddenly proceeding without counsel and without notice of key docket events—would face substantial practical obstacles to understanding what had occurred, what remedies were available, and the strict time limits governing appellate review. Reopening the time to appeal for a brief 14-day period simply restores a fair opportunity to seek review; it does not adjudicate the merits.

Under these facts, it would be manifestly unjust to deny Mr. Kahlon the ability to pursue judicial recourse based on a lack of notice and an involuntary loss of counsel at the time of entry. The Court should therefore exercise its discretion under Rule 4(a)(6) to reopen the time to appeal.

DATED: December 17, 2025                      Respectfully submitted,

                                                       /s/ *Jacob Chen*
                                                       Jacob Chen
                                                       DGW Kramer LLP
                                                       45 Rockefeller Plaza
                                                       New York, New York 10111
                                                       Telephone: (213)592-1908
                                                       E-mail: jchen@dgwllp.com

                                                       ***ATTORNEY FOR DEFENDANT***

**CERTIFICATE OF SERVICE**

   I hereby certify that on December 17, 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send an email to all registered attorneys of record.

              */s/ Jacob Chen*
              Jacob Chen