```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/23/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YEHUDA SIGALIT,

                Plaintiff,

-against-

JOSSEF KAHLON,

                Defendant.

21-CV-08921 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

Currently before the Court is Defendant's motion to reopen his time to appeal. Dkt. No. 166. The motion is denied with prejudice.

### FACTUAL BACKGROUND

In May 2025, Plaintiffs filed a motion for judgment on the pleadings and sanctions, and a related motion for attorney's fees. *See* Dkt. Nos. 133-138. These motions were not opposed by Defendant, nor was additional time requested. On September 4, 2025, Defendant's prior attorney, Mr. David Haft, moved to withdraw. Dkt. No. 144. The Court's staff contacted Mr. Haft on September 5, 2025, informing him the motion was deficient because, among other reasons, it lacked proof of service on Defendant. Mr. Haft filed an amended motion to withdraw on September 15, 2025. Dkt. No. 145. It included a certificate of service indicating that Mr. Haft served the motion and accompanying declaration on Defendant by FedEx. It also explained that Defendant terminated Mr. Haft on August 18, 2025. *See id.*

The Court granted Plaintiffs' motions on October 6, 2025. Dkt. No. 146. That same day, it granted Mr. Haft's motion to withdraw and ordered Mr. Haft to serve a copy of the Court's Order and its Opinion on Defendant. Dkt. No. 147. A Clerk's Judgment issued on October 8, 2025. Dkt. No. 148. Mr. Haft filed a certificate of service indicating that he served the Opinion

on Defendant on October 23, 2025, "by electronic email to Defendant's personal email address and via Fed Ex delivery to Defendant at his last known address." Dkt. No. 150.

Plaintiff then moved to alter the judgment on November 5, 2025. Dkt. No. 152.

The Court responded by ordering Defendant to respond to the motion and directing Plaintiff's counsel to "promptly serve the motion and supporting papers, and a copy of this order, on [Defendant] at his last known address, using a mail-delivery service that provides proof of delivery, and file proof of service on the docket on or before November 10, 2025." Dkt. No. 155. Plaintiff filed proof of service on November 10, 2025. Dkt. No. 156.

Defendant filed a letter on November 25, 2025, his first appearance since the withdrawal of his prior counsel. Dkt. No. 157. His letter stated:

> I write as the defendant in the above-referenced matter. My prior counsel has withdrawn, but I did not receive any notice of the withdrawal. I only became aware of the withdrawal[,] the judgment[,] and the pending motion when I received the plaintiff's filing on November 10 and reviewed the docket.

*Id.* Defendant then requested a four-week extension of his deadline to oppose the motion, so that he could attempt to secure new counsel. *Id.* On December 8, 2025, the Court extended Defendant's deadline to oppose the motion to amend the judgment until December 23, 2025. Dkt. No. 163.

On December 16, 2025, new counsel appeared for Defendant and moved to reopen Defendant's time to appeal the October 8 Judgment under Federal Rule of Appellate Procedure 4(a)(6). Dkt. Nos. 165 & 166. The accompanying memorandum states that Defendant first learned of the Court's judgment on Friday, December 12, 2025, "when newly retained counsel (the undersigned) reviewed the docket and explained the status of the case to [Defendant]." Dkt. No. 166-1 at 1. It alleges Mr. Haft in fact never emailed nor mailed his motion to withdraw to Defendant. And it argues that Defendant's November 25, 2025 letter referencing the judgment

2

"does not establish that Defendant received notice of the entry of the Opinion and Order or the Judgment" and "[a]t most, the letter reflects Defendant's awareness of Plaintiff's motion as [Defendant]'s letter states." *Id.* at 4. A declaration from Defendant follows the memorandum. Dkt. No. 166-2. In addition to the representations above, it explains that—although Defendant received Plaintiff's motion to amend the judgment back in November—Defendant failed to grasp its significance because he was *pro se* at the time. *Id.*

## LEGAL BACKGROUND

Federal Rule of Appellate Procedure 4(a)(1) gives a party exactly 30 days to appeal a final judgment. Fed. R. App. P. 4(a)(1)(A). Once those 30 days elapse (absent an extension), a litigant may petition a district court to reopen his or her time to appeal under Federal Rule of Appellate Procedure 4(a)(6). Rule 4(a)(6) aims to "ease strict sanctions on litigants who had failed to receive notice of the entry of judgment in order to file a timely notice of appeal, whether the fault lay with the clerk or other factors beyond the litigants' control, such as the Postal Service." *In re WorldCom, Inc.*, 708 F.3d 327, 336 (2d Cir. 2013). It does not generally "provide relief when the fault lies with the litigants themselves." *Id.*

A court may reopen a party's time to appeal under Rule 4(a)(6) only if three requirements are met:

> (A) The court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) The motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) The court finds that no party would be prejudiced.

In assessing "notice," a court should be mindful that "Rule 4(a)(6) refers to actual receipt, not simply effective service." *In re Worldcom, Inc.*, 708 F.3d at 334–35; *see Petroceli v. Varengold*,

3

2021 WL 5323288, at *2 (S.D.N.Y. Aug. 13, 2021) ("A party receives notice under Rule 4(a)(6) when the document arrives at the litigant's address, not when it is properly served by the Clerk of Court under Rule 77(d) and Rule 5(b).").

Once these requirements are met, a court has discretion to reopen a party's time to appeal and "should exercise [its] discretion mindful of the purposes and structure of Rule 4(a)." *Id.* at 341. This mandate requires a court to determine whether a litigant failed to receive notice due to reasons outside the litigant's control or due to negligence, inadvertence, or idleness. *See Zavalidroga v. Cuomo*, 588 F. App'x 61, 62 (2d Cir. 2014) ("Where the moving party is to blame for his failure to receive notice of the judgment or order sought to be appealed, it is within the court's discretion to deny the motion.").

DISCUSSION

**A. Defendant Fails to Meet the Requirements of Rule 4(a)(6)**

Defendant has failed to show that he meets the requirements for Rule 4(a)(6) to apply, including that he moved within fourteen days of notice of the judgment. There is good reason, given the history of Defendant's dilatory and obstructive conduct in this case, to doubt the truthfulness of the fundamental premise of Defendant's November 25, 2025 letter (that he was not informed by Mr. Haft of the Court's opinion and judgment). However, even assuming for present purposes that Defendant's letter is accurate, the Defendant is clear that he became "aware" of the "Judgment" on "November 10" when he received Plaintiff's filing, *i.e.*, the motion to amend the judgment, and "reviewed the docket." *See* Dkt. No. 157 ("I only became aware of the withdrawal[,] the judgment[,] and the pending motion when I received the plaintiff's filing on November 10 and reviewed the docket."). Defendant moved under Rule

4(a)(6) on December 16, 2026, well after fourteen days had passed. Dkt. No. 166. Therefore, the requirements for the Court to reopen Defendant's time to appeal are not met.

Defendant's counsel argues that Defendant's letter acknowledging the judgment "does not establish that Defendant received notice of the . . . Judgment." Dkt. No. 166-1 at 4. "At most," counsel alleges, "the letter reflects Defendant's awareness of Plaintiff's motion." *Id.* The Court appreciates counsel's chutzpah. But even were the Court to ignore the plain text of Defendant's letter and then jump through the many, many hoops that accepting this argument would require, it still leaves the Court with the admission, made by counsel, that Defendant was aware of Plaintiff's motion on November 10 at the latest. That motion seeks to amend the judgment. Basic logic therefore indicates that Defendant was, at a minimum, on notice that a judgment had been entered in this case.

### B. Even If Defendant Met the Requirements of Rule 4(a)(6), the Court Would Deny His Motion in Its Discretion

Even if Defendant had met the requirements necessary for the Court to reopen his time to appeal, the Court would decline to do so. The Court exercises its discretion to grant a Rule 4(a)(6) motion "mindful of the purposes and structure of Rule 4(a)," namely, to provide relief to litigants who did not receive notice of a judgment due to "factors beyond the litigants' control." *In re Worldcom, Inc.*, 708 F.3d at 336. Defendant fired his counsel in August 2025, while motions for judgment on the pleadings, for sanctions, and for attorney's fees were still pending (although the time to oppose them had expired), and did not seek new counsel until four months later and a full month after he concedes he received Plaintiff's motion to amend the judgment and reviewed the docket on November 10, 2025. Dkt. Nos 145 & 157; *see also* Dkt. No. 166-2 (stating that Defendant did not meet with new counsel until December 12, 2025). The motion to amend the judgment, as one would expect, discusses the entry of the Judgment. *See* Dkt. Nos.

5

152–54.  The docket, which Defendant said he reviewed, is also replete with reference to the Judgment.  *See, e.g.*, Dkt. Nos. 146, 148, 151, 152, 155.  Defendant should have realized after receipt of the motion and his review of the docket that the Court had entered a final judgment.  And he should not have waited an entire month after receiving the motion to amend the judgment to secure counsel.  Given the Defendant's egregious history of non-compliance with court orders in this case and his efforts to obstruct and delay the litigation at every turn, it is clear that Plaintiff would be prejudiced if the Court exercised its discretion to once again bend the rules for Defendant to allow him to further obstruct and delay relief for the Plaintiff.[1]

For the foregoing reasons, Defendant's motion under Rule 4(a)(6) is DENIED.  Nothing in this Order should be construed as extending Defendant's December 23, 2025 deadline to oppose Plaintiff's motion to amend the judgment.  *See* Dkt. No. 163.

Dated: December 23, 2025
      New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

---

[1] Moreover, it is difficult to see what argument Defendant could raise on appeal, given that he did not oppose the motions for judgment on the pleadings, sanctions, or attorney's fees, and thus has not preserved any argument for appeal.