UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

SIGALIT YEHUDA,

        Plaintiff,

v.

JOSSEF KAHLON

        Defendant/Counterclaim Plaintiff,

v.

AVRAHAM YEHUDA,

        Counterclaim Defendant.
_____

21-cv-08921 (MGG)

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(E) TO ADD PREJUDGMENT INTEREST AND DAMAGE AWARD FOR 2011**

**GORDON & HAFFNER, LLP**
*Attorneys for Plaintiff and*
*Judgment Creditor Sigalit Yehuda*
480 Mamaroneck Avenue
Harrison, New York 10528
(718) 631-5678

## Preliminary Statement

Plaintiff Sigalit Yehuda ("Sigalit" or "Plaintiff") submits this reply memorandum of law in further support of her motion under Rule 59(e) to amend this Court's Judgment, entered October 8, 2025 (the "Judgment") to add: (i) prejudgment interest from October 15, 2011 on the sum awarded; and (ii) a damage award for unpaid 2011 distributions with prejudgment interest from October 15, 2012 on that added award.

## Argument

### POINT I

**KAHLON HAS MISREPRESENTED THE RULE 59(E) STANDARD AS APPLIED TO MOTIONS UNDER THE RULE SEEKING TO ADD PREJUDGMENT INTEREST**

Contrary to Kahlon's assertions, adding *prejudgment interest* under the Rule does not represent an "extraordinary rule to be employed sparingly" Opp. MOL p. 2 (quoting *Ong v Chipotle Mexican Grill, Inc.*, 329 FRD 43, 50 (SDNY 2018). Rather, timely post-judgment motions under Fed. Rule Civ. Proc. ("FRCP") 59(e), which for the first time seek to add prejudgment interest are a well-established proper and routine practice. *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175-76 (1989) ("[A] Rule 59(e) motion to alter or amend a judgment is the proper basis for bringing a request for prejudgment interest"); *Foresco Co. v. Oh*, 337 F. Supp. 3d 304, 305-06 (S.D.N.Y. 2018) (same); *Stanford Square v. Nomura Asset Capital Corp.*, 232 F. Supp. 2d 289 (S.D.N.Y. 2002) (recognizing "prevailing party cannot waive its right to prejudgment interest" provided it files a timely FRCP 59(e) motion).

Nor are any of the cases cited in Kahlon's brief to the contrary. None, including *Ong, supra*, decided an FRCP 59(e) motion seeking to add prejudgment interest. Opp. MOL, *passim*.

Next, conspicuously unaddressed anywhere in Kahlon's brief are Sigalit's cases holding that prejudgment interest on an equitable claim arising between fiduciaries is "virtually mandated"

2

where a partner failed to properly account for a prolonged period, during which he "enjoyed the benefit of the injured partner's money." Plaintiff's Memorandum of Law for Rule 59(e) Relief, dated November 5, 2025 (ECF No. 154), pp. 2-3. Having failed to respond to Sigalit's argument and case citations, this issue should be deemed abandoned by Kahlon, entitling her to interest as a matter of right under CPLR 5001(a).

Moreover, there also exists a substantial body of federal caselaw in this Circuit in accord, holding that prejudgment interest is mandatory in diversity cases applying and decided under New York law, even on a claim with equitable underpinnings. In *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508-509 (2d Cir. 1991), the Second Circuit recognized "we have long held, however, that the equity clause [of § 5001] should not become a source of sterile controversy over the classification of causes of action."); *Lewis v. S.L. & E., Inc.*, 831 F.2d 37, 39-40 (2nd Cir. 1987); *Allgaier v. Peterson*, 2019 U.S. Dist. Lexis 137612, \*\*20-22 (S.D.N.Y. Aug. 13, 2019) (adding 9% statutory prejudgment interest to breach of fiduciary duty and fiduciary defalcation claims as a matter of right under CPLR § 5001(a)); *United States ex rel. Maris Equip. Co. v. Morganti, Inc.*, 163 F. Supp. 2d 174, 202 (E.D.N.Y. 2001) (same, *quantum meruit* recovery); *Royal Indem. Co. v. Providence Wash. Ins. Co.*, 966 F. Supp. 149, 150-51 (N.D.N.Y. 1997).

### POINT II

**NEW YORK'S HIGHEST COURT AND *ERIE V. TOMPKINS* WARRANT APPLICATION OF THE NEW YORK'S LEGISLATIVELY ENACTED LEGAL RATE OF PREJUDGMENT INTEREST ON THIS AWARD**

New York law does not permit the trial court to exercise any discretion where a party is entitled to [prejudgment interest] as a matter of right.'" *Capital Ventures v. Republic of Arg.*, 552 F.3d 289, 296 (2d Cir. 2009) (quoting *New Eng. Ins. Co. v. Healthcare Underwriters Mut. Ins. Co.*, 352 F.3d 599, 602-03 (2d Cir. 2003). Initially, therefore, Kahlon's invitation to apply a 1.83%

3

federal prejudgment interest rate to Sigalit's contempt money judgment runs afoul of *Erie v. Tompkins*. Next, Kahlon's argument contradicts *Love v. State*, 76 N.Y.2d 540 (1991) wherein New York's Court of Appeals instructed:

> … interest is not a penalty. Rather, it is simply the cost of having the use of another person's money for a specified period (citation omitted). It is intended to indemnify successful plaintiffs "for the nonpayment of what is due to them" (citation omitted) and is not meant to punish defendants for delaying the final resolution of litigation.

*Id.* at 545; Accord *J. D'Addario & Co., Inc. v. Embassy Indus., Inc.*, 20 N.Y. 113, 117 (2012).

Finally, Kahlon's requested interest rate would be especially inequitable in this case where, according to the Court, Kahlon's contempt deprived Sigalit of sufficient evidence to recover her lost profits for at least two years of TJM's operation. In addition, Kahlons's contempt deprived Sigalit of her 50% share of a $10,000,000 credit Kahlon's company received for TJM's Texas real estate in spite of Judge Torres express finding in her SJ Order "that there was $10 million in consideration that Kahlon or his company 'indisputably received in relation to the property, regardless of whether the sale actually occurred." ECF No. 84 (quoting SJ Order at 5-6)[1].

## POINT III

**SIGALIT'S CLAIM FOR THE MISSING 2011 TJM DISTRIBUTION IS SUPPORTED BY THE SAME EVIDENCE AS HER 2010 INEQUAL DISTRIBUTION CLAIM**

Employing mischaracterizations of the language in the Court's October 6, 2025 Opinion and Order (DE #146) ("Opinion and Order"), Kahlon insists this Court did not overlook Sigalit's 2011 Claim. The assertion is disingenuous since every court occasionally overlooks an argument or request for relief and it was at least not unreasonable for Sigalit to believe the Court might have

---

[1] Judge Torres reaffirmed that finding on re-argument. See Order dated December 14, 2023 (ECF No. 90).

overlooked or misapprehended her claim founded on Kahlon's failure to pay her *any* distribution for the year 2011, despite TJM's reported $1,130,954 in that year.

Here, an honest and objective reading of the Opinion and Order by Kahlon would have revealed that the Court misapprehended Sigalit's motion for contempt as asking that her 2011 distributions also be "determined by extrapolating the underpayment ratio in 2010" when, in fact, Sigalit requested that the Court to employ extrapolation only to determine her claims for underpaid *2008 and 2009* distributions. *See* Memorandum in Support of Plaintiff's Motion for Contempt, Etc., dated May 14, 2025, (ECF Doc. No. 135) ("MOL for Contempt"), pp. 8-9. Preferring to exploit the Court's apparent mistake, Kahlon ignored the reality that the only reason extrapolation was needed for years 2008 and 2009 was because Kahlon never produced Schedule Cs for 2008 and 2009 reporting TJM's gross profits, whereas he did produce Schedule Cs for 2010 *and 2011*.

Because the 2011 Schedule C had already disclosed and established TJM's reported 2011 gross profits, there was no need to resort to extrapolation for that year. Even without the favorable inference accorded Sigalit as a consequence of Kahlon's contempt, the 2011 Schedule C established prima facie TJM's minimum gross profits for 2011, leaving only the issue whether the Court would recognize and credit Kahlon with the unspecified expenses appearing on the 2011 Schedule C without back up documentation. Unfortunately for Kahlon, however, the Opinion and Order foreclosed that remaining issue against him. Significantly, the Court determined:

> In light of the Court's prior finding that Kahlon is in civil contempt of the judgment entered against him, the Court agrees to draw an inference against Kahlon and preclude him from deducting the "costs of goods sold" for purposes of determining Sigalit's distributive share. *See, e.g., Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16-CV-01318 (GBD) (BCM), 2018 WL 4760345, at *13 (S.D.N.Y. Sept. 28, 2018) (drawing an adverse inference against defaulting defendants for purposes of a pending damages inquest with respect to documents and information they failed to produce.

Opinion and Order, pp. 12-13.

Presumably recognizing that the Opinion and Order: (i) overlooked that the record included TJM's 2011 Schedule C reporting gross profits of $1,130,954 (unlike years 2008 and 2009); and, (ii) already precluded Kahlon from "deducting the costs of goods sold", or $636,585, Kahlon resorted to misrepresentation, for example, implying that "Plaintiff's proposal instead depends on a new set of assumptions and *'disregarding' expense categories to back into a number*[2]." Opp. MOL, p. 6. (emphasis added).

Likewise specious is Kahlon's argument Sigalit was required to identify "an intervening change in controlling law" or to "present the Court with any 'newly discovered evidence' in support of Plaintiff's motion." Opp. MOL, p. 2. The argument is a strawman since Sigalit neither argued nor was required to demonstrate a change in law or new evidence on this motion.

Another swing and a miss is Kahlon's absurd argument, utterly untethered to any record fact that Sigalit's claim for 2011 damages is an "effort to expand the Judgment by adding a *new* $500,000 damages award for 2011 ...." Opp. MOL, p. 3 (emphasis added[3]). If the claim were not so demonstrably false, it could only be interpreted as an attempted deceit on the Court. The notion Sigalit failed to assert her claim for 2011 TJM distributions in her initial papers is pure fiction. *See* MOL for Contempt, p. 9[4].

---

[2] Kahlon's brief is replete with similar mind numbing, word salad and "analysis" which Sigalit, respectfully, submits requires no further unraveling. Opp. MOL, pp. 1-3, 6.

[3] In the context of the rest of the paragraph, there can be no doubt Kahlon intended to misrepresent that Sigalit elected not to present this claim prior to judgment. Opp. MOL, p. 3 ("The same Rule 59(e) limitation [plaintiff's election not to present 'pre-judgment interest issue'] ....")

[4] Sigalit's initial motion papers also point out that Kahlon's 2011 Schedule C contradicts repeated representations by his counsel at court conferences that TJM ceased trading after 2010. Had those representations been true, it would have explained the absence of a TJM 2011 1099 to Sigalit. It was not. Contempt MOL, p. 9, fn 5.

# POINT IV

**KAHLON'S STATUTE OF LIMITATIONS CHALLENGE TO SIGALIT'S 2011 CLAIM IS NOT ONLY IN VIOLATION OF THIS COURT'S DECEMBER 9, 2025 MEMORANDUM ORDER, BUT ALSO BARRED BY LAW OF THE CASE**

A. <u>Violation of December 9, 2025 Order</u>

By its December 9, 2025 Order, the Court "warn[ed] Kahlon that it will not consider any arguments challenging the original judgment." (ECF No. 163). Although the Judgment does not currently include an award for 2011, were Kahlon's statute of limitations argument accepted, the resulting order would be hopelessly in conflict with the Judgment's award in favor of Sigalit for the unpaid of 2010 distributions.

B. <u>Law of the Case</u>

In any event, this Court already rejected Kahlon's statute of limitations argument. Addressing Kahlon's argument asserted in the prior summary judgment motions that the accounting claim was time barred because "Sigalit has not claimed any breach of fiduciary duty at any time at all, much less in the six years prior to this Complaint," Judge Torres' August 30, 2023 Order ("SJ Order"), stated "… the Court rejects Kahlon's statute of limitations argument because Sigalit does not, and need not, allege a breach of fiduciary duty to sustain an equitable accounting claim. *See Adam v. Cutner & Rathkopf*, 238 A.D.2d 234, 242 (N.Y. App. Div. 1997); *cf. CBI Capital*, 2020 WL 4016018, at *7."[5] Kahlon's attempt to relitigate here Judge Torres' determination is improper and should not be allowed.

Moreover, any statute of limitations argument by Kahlon premised on an alleged dissolution of TJM more than six years prior to the commencement of this case would be equally

---

[5] SJ Order ECF Doc. No. 82, at page 6.

unavailing. Kahlon's bald misrepresentations made in prior motions and at court conferences in this case that TJM had ceased doing business after 2011 are contradicted by his admissions in a related SDNY case[6]. In particular, Kahlon's Answer in that related case alleged a 2017 transaction of consequence: namely, TJM's sale of its Texas Property to Project Verte Inc. ("PVI") in consideration for PVI's issuance of a $10,000,000.00 note and credit to Kahlon's company, TNJ Holdings[7].

Since the Judgment did not modify the SJ Order, the latter remains law of the case.

Accordingly, whether under an exercise of discretion or as a matter of right, this Court should award Sigalit prejudgment interest at the nine percent (9%) per annum New York statutory rate. CPLR § 5004.

## Conclusion

For the foregoing reasons, the Court should grant Plaintiff's instant motion in its entirety and award her such other and further relief as it deems appropriate.

Dated: January 16, 2026

                                          **GORDON & HAFFNER, LLP**
*Attorneys for Plaintiff and Judgment Creditor Sigalit Yehuda*

/s/*Steven R. Haffner*
Steven R. Haffner (SH 6271)
480 Mamaroneck Avenue
Harrison, New York 10528
(718) 631-5678

---

[6] *Zuchaer & Zuchaer Consulting LLC v. Project Verte, Inc.* et ano., *Project Verte, Inc. v. Zuchaer & Zuchaer Consulting LLC v. Jossef Kahlon, and TNJ Holdings, et al.* 20-cv-08703-VM.

[7] *See* Kahlon's Answer to Counterclaims in related SDNY case, p. 9, ¶¶ 101 103 (Ex. B to March 15, 2023 Declaration of Steven Haffner in Opposition to Kahlon's Motion for Summary Judgment and in Support of Sigalit's Cross-Motion for Summary Judgment Seeking an Interlocutory Judgment of Accounting. (ECF Doc. No. 53).