UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

SIGALIT YEHUDA,

                Plaintiff,

21-cv-08921 (MGG)

      v.

JOSSEF KAHLON

                Defendant/Counterclaim Plaintiff,

      v.

AVRAHAM YEHUDA,

                Counterclaim Defendant.

---

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT JOSSEF KAHLON'S MOTION TO VACATE JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B)(1) and (B)(6)**

**GORDON & HAFFNER, LLP**
*Attorneys for Plaintiff and*
*Judgment Creditor Sigalit Yehuda*
480 Mamaroneck Avenue
Harrison, New York 10528
(718) 631-5678

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................. i-iv

PRELIMINARY STATEMENT ........................................................... 1

COUNTER-STATEMENT OF FACTS ................................................ 1

ARGUMENT ..................................................................................... 5

POINT I:     Defendant Has Not Demonstrated Entitlement to Relief Under
             Fed. R. CIV. P. 60 (B)(1) ................................................... 5

             A. Legal Standard ............................................................. 5

             B. Analysis ...................................................................... 7

                 1.  Preclusion ............................................................ 7

                 2.  Excusable Neglect Not Demonstrated .................... 8

                 3.  No Demonstration of a Meritorious Defense .......... 8

POINT II:    Nor Has Defendant Demonstrated Extraordinary Circumstances
             Under Fed. R. CIV. P. 60 (B)(6) Justifying Vacatur of a Final
             Judgment .......................................................................... 9

             A. Legal Standard ............................................................. 9

             B. Analysis ...................................................................... 10

                 1.  Preclusion ............................................................ 10

                 2.  In Any Event Extraordinary Circumstances ........... 10
                     Have Not Been Demonstrated ..............................

                 3.  No Demonstration of a Meritorious Defense .......... 10

CONCLUSION ................................................................................ 11

## <u>TABLE OF AUTHORITIES</u>

**Page**

**Cases**

*BLOM Bank SAL v. Honickman,*
    605 U.S. 204, 145 S. Ct. 1612 (2025) ………………………………………………    9, 10

*Canfield v. Van Atta Buick/GMC Truck,*
    127 F.3d 248 (2d Cir. 1997) ………………………………………………    7

*Cobos v. Adelphi Univ.,*
    179 F.R.D. 381 (E.D.N.Y. 1998), *aff'd,* 783 F. App'x 72 (2d Cir. 2019) …………    7, 9

*Congregation Mischknois Lavier Yakov, Inc. v. Bd. of Trs. for Vill. of Airmont,*
    301 Fed. Appx. 14 (2d Cir. 2008) ………………………………………………    5, 9

*D'Angelo v. State Farm Fire & Cas. Co.,*
    32 Fed. Appx. 604 (2nd Cir. 2002) ………………………………………………    9, 10

*Dixon v. A Better Way Wholesale Auto's, Inc.,*
    692 Fed. Appx. 664 (2nd Cir. 2017) ………………………………………………    8

*Gonzalez v. Crosby,*
    545 U.S. 524 (2005) ………………………………………………    10

*Gucci Am., Inc. v. Gold Ctr. Jewelry,*
    158 F.3d 631 (2d Cir. 1998) ……..………………………………………………    7

*Harris v. United States,*
    367 F.3d 74 (2nd Cir.   ) ………………………………………………..    6, 10

*Kagan v. Caterpillar Tractor Co.,*
    795 F. 2d 601 (7th Cir. 1986) ………………………………………………    

*Link v. Wabash R.R. Co.,*
    370 U.S. 626 (1962) ………………………………………………    5

*Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship,*
    507 U.S. 380 (1993) ………………………………………………    6, 10

**STATUTES**

Fed. R. Civ. Proc. Rule 60(b)(1), (b)(6) ………………………………………………    *Passim*

**Preliminary Statement[1]**

Plaintiff Sigalit Yehuda ("Sigalit" or "Plaintiff") submits this memorandum of law in opposition to Defendant Jossef Kahlon's ("Kahlon" or "Defendant") motion, pursuant to Fed. R. Civ. P. 60(b)(1) and 60(b)(6), to vacate this Court's Judgment, entered October 8, 2025 (the "Judgment") (ECF No. 148).

**Counter-Statement of Facts**

Kahlon starts his story in the middle, picking up the narrative of his contempt with an April 14, 2025 court conference. By the time of the conference, Kahlon was not only in unexcused disobedience of this Court's August 30, 2023 Order (Torres, J.) ("2023 Order") (ECF #82) and its direction to provide his co-shareholder Sigalit with a verified statement of account of his dealings with their company, TJ Management, Inc. ("TJM"), but also at least two conference orders which had directed his compliance with the 2023 Order.

Kahlon does not deny he violated the 2023 Order by failing to provide Sigalit with the verified statement of account it required. Nor does Kahlon deny he violated the above conference orders which had directed his compliance with the 2023 Order.

Instead, Kahlon now lays the blame for his disobedience of the 2023 Order and the Court's subsequent rulings, orders and directives on the 'excusable neglect' of his third attorney in this case, David H. Haft, Esq. ("Haft"). This attempt at blame-shifting is made all the more remarkable by the fact that Haft only first appeared herein for Kahlon on April 5, 2024 (ECF #97), well over one year after the Court's issuance of the 2023 Order. Absent from Kahlon's extensive motion papers, including its forty-four (44) exhibits, is even a single allegation, statement or document suggesting his failure to comply with the 2023 Order (ECF #82) was attributable to Haft's newly

---

[1] As promised by the undersigned's second letter motion for an extension, attached is medical documentation supporting the application.

claimed neglect. Also missing from Kahlon's motion is any contention, let alone evidence, attributing his failures to comply with this Court's pre-April 14, 2025 conference rulings and orders to neglect on the part of Haft.

Likewise Kahlon makes no claim and offers no evidence of any neglect by his prior counsel Daniel Abrams, Esq., who represented Kahlon on the summary judgment motions (decided by the 2023 Order) and thereafter continuously represented Kahlon until April 4, 2024, when Minyao Wang, Esq. ("Wang"), Haft's partner in Lewis Brisboe Bisgaard & Smith LLP[2] ("Lewis Brisbois"), was substituted in this action for Abrams.

As with Abrams, Kahlon makes no claim and offers no evidence of any neglect, excusable or otherwise, by Wang or Lewis Brisboe during the period between April 4, 2024 and March 7, 2025[3] when Kahlon was also represented by both. In fact, Wang attended 2 court conferences, May 24, 2024 alone and January 10, 2025 with Haft, and also filed numerous letters and applications as Kahlon's attorney.

Finally, Kahlon has not condescended to offer any explanation, let alone evidence, of how Haft's purported neglect was alone to blame for Kahlon's continuing defaults, while he was also represented by Wang and Lewis Brisboe. Missing and presumed withheld, for example, are Kahlon's texts, emails and other communications with Wang, and with other Lewis Brisboe attorneys, paralegals, accountants and/or agents or employees. Next Kahlon critically omits from his submissions on this motion any Lewis Brisboe billing statements referencing meetings, telephone conversations, texts and emails between Kahlon and the firm including, most significantly, those which took place right before and after each court conference. Nor has Kahlon

---

[2]  Notice of Appearance of Minyao Wang, Esq., dated April 4, 2024 (ECF #96).

[3]  Order granting Wang's and Lewis Brisboe's motion to withdraw, dated March 7, 2025 (ECF #127).

submitted an affidavit from Wang or from Haft corroborating any of his claims evidence offered in the hope of excusing his nearly three year history of disobeying the 2023 Order and the conference rulings and orders which followed it. Kahlon also has failed to offer any evidence Haft or Wang suffered from a mental illness or other debilitating cause which might conceivably explain their claimed abandonments of this case.

By its December 23, 2025 Order (ECF No. 167) the Court denied Kahlon's his motion to reopen his time to appeal and laid to rest his attempt to escape the consequences of his contemptuous conduct by blaming Haft. There, the Court considered and squarely rejected Kahlon's same attempt to blame his attorney for another significant default. Reaching its decision, the Court expressly found:

> *Defendant fired his counsel in August 2025*, while motions for judgment on the pleadings, for sanctions, and for attorney's fees were still pending (although the time to oppose them had expired), and did not seek new counsel until four months later and a full month after he concedes he received Plaintiff's motion to amend the judgment and reviewed the docket on November 10, 2025
>
> ***
>
> Given the Defendant's egregious history of non-compliance with court orders in this case and his efforts to obstruct and delay the litigation at every turn, it is clear that Plaintiff would be prejudiced if the Court exercised its discretion to once again bend the rules for Defendant to allow him to further obstruct and delay relief for the Plaintiff.

December 23 Order, pp. 5-6 (emphasis added).

An example of the Court's apt characterization of Kahlon's history of non-compliance, evasion and delay, was his February 10, 2025 Declaration, which the Court ordered him to submit after he ignored yet another court directive to provide the accounting. Due to the inadequacy of

3

Kahlon's February 10, 2025 Declaration[4] the Court ordered him to personally appear at the February 25, 2025 conference. After the Court realized and asked why Kahlon was not present, Haft responded he was ill (Tr. 10:24)[5] to which the Court responded "I want a sworn affidavit by Mr. Kahlon by the end of the week as to why he is in disregard of a court order that he be present today. Tr. 11:25, 12:2-3. (Transcript of February 25, 2025 Conference, page 10, lines 24 (ECF No. 128))

After no affidavit had been filed by Kahlon by the end of that week (February 28, 2025), the Court *sua sponte* sanctioned Kahlon in the sum of **$500.00** in and added "[f]urther sanctions will follow if the affidavit is not filed by **Wednesday, March 5, 2025**. Order, dated March 3, 2025, p.2. (ECF No. 123). Kahlon finally submitted the Declaration on March 5, 2025, alleging he awoke the morning of the conference having a hard time breathing, experiencing nausea and extreme dizziness, leaving him bedridden. a high fever, extreme dizziness. Kahlon Decl., ¶ 8. (ECF No. 125). However, despite Kahlon's alleged severe symptoms, his Declaration was unaccompanied by any medical documentation. *Id*. He further alleges "I contacted my counsel sometime between 7:00 and 7:30 a.m., to apprise him of my condition and to advise him that I would be unable to appear in person with him as previously intended at the February 25, 2025 conference. *Id.*, ¶ 9. Yet, absent is any allegation Kahlon or his counsel called or otherwise notified the Court or Sigalit's undersigned counsel that he would not be appearing. And, as already mentioned, Kahlon's counsel said nothing at the conference until the Court inquired nine transcript pages into the

---

[4] The Declaration was nothing more than an unauthorized re-argument of Kahlon's contribution counterclaim which the 2023 Order effectively determined failed to state a claim. 2023 Order, pp. 6-8 and fn 6.

[5] Transcript of February 25, 2025 Conference. (ECF No. 128).

proceedings, "Why is Mr. Kahlon not here …."? Transcript of February 25, 2025 Conference, page 10, lines 24 (ECF No. 128).

In spite of Kahlon's continued stench of fabrication[6] and his further interference and delay prejudicing Sigalit's adjudged right to an accounting, the undersigned recommended and she consented to the lifting of the sanction.

## Argument

### POINT I

### DEFENDANT HAS NOT DEMONSTRATED ENTITLEMENT TO RELIEF UNDER FED R. CIV. P. 60 (B)(1)

A. Legal Standard

Motions under Rule 60(b) are generally disfavored in the Second Circuit, and the evidence offered in support of such a motion must be "highly convincing". *United States v. Cirami*, 563 F.2d 26, 33 (2d Cir. 1977). Relief under Rule 60(b)(1) is limited to circumstances involving "mistake, inadvertence, surprise or excusable neglect." The analysis under Rule 60(b)(1) centers on the actions of counsel rather than on those of the party. The Supreme Court wrote in *Link v. Wabash R. Co.*, 370 U.S. 626 (1962):

> Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.

*Id.* at 634; accord *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004).

---

[6] An earlier example of Kahlon's mendacity was his preposterous claim, recited in the 2023 Order, that $10 million he admitted receiving for the sale of TJM's realty was payment "for brokering the land not for selling the land." 2023 Order, p. 3.

And later in *Pioneer Investment Svs. v. Brunswick Assocs. Ltd. P'ship,*, 507 U.S. 380 (1993), Supreme Court, though affirming the Court of Appeals finding that an attorney's inadvertent failure to file a proof of claim by the bar date set by a bankruptcy court could constitute excusable neglect, rejected that part of the Court of Appeals' analysis that, if applied, would immunize a party for the omissions of his attorney:

> The court also appeared to focus its analysis on whether respondents did all they reasonably could in policing the conduct of their attorney, rather than on whether their attorney, as respondents' agent, did all he reasonably could to comply with the court-ordered bar date. In this, the court erred.

*Id.* at 396.

Thus, in determining whether a party's default is excusable under Rule 60(b)(1), "the proper focus is upon whether the neglect of [the party] *and their counsel* was excusable." *Id.* at 395-397.

'Excusable neglect', the provision of the rule on which Defendant[7] exclusively relies, requires at a minimum that the moving party demonstrate his attorney's conduct or omissions were caused by inadvertence, mistake, carelessness or circumstances beyond the party's control. *Id.* at 388. Regardless, the conduct or omission in issue is not excusable where there is evidence of bad faith, gross negligence, or egregiousness on the part of the attorney. Attorney conduct is likewise not excusable if it is deliberate, willful or egregious. Even in the absence of bad faith, relief under Rule 60(b)(1) is unavailable where the attorney disobeys clear rules and directions. *Canfield v. Van Atta Buick/GMC Truck*, 127 F.3d 248, 250-251 (2d Cir. 1997) ("failure to read and obey an unambiguous court rule … is not generally excusable."); *Gucci Am., Inc. v. Gold Ctr. Jewelry,* 158

---

[7] Dft.'s MOL (Point I), pp. 3-12.

F.3d 631, 634-635 (2d Cir. 1998) (deliberate or bad faith conduct not excusable, but mere negligence excusable in some cases).

Finally, a party seeking relief from a judgment, order or proceeding under Rule 60(b)(1) must in the first instance demonstrate the existence of a meritorious defense in addition to his attorney's excusable neglect. *Cobos v. Adelphi Univ.,* 179 F.R.D. 381, 385 (E.D.N.Y. 1998), *aff'd,* 783 F. App'x 72 (2d Cir. 2019).

B. Analysis

    1. Preclusion

As a threshold matter, Kahlon should be precluded by the court's December 23, 2025 Order (ECF No. 167) denying his motion to reopen his time to appeal. There, the Court considered and squarely rejected Kahlon's same attempt to blame his attorney for another significant default. Reaching its decision, the Court expressly found:

> *Defendant fired his counsel in August 2025*, while motions for judgment on the pleadings, for sanctions, and for attorney's fees were still pending (although the time to oppose them had expired), and did not seek new counsel until four months later and a full month after he concedes he received Plaintiff's motion to amend the judgment and reviewed the docket on November 10, 2025
>
> ***
>
> Given the Defendant's egregious history of non-compliance with court orders in this case and his efforts to obstruct and delay the litigation at every turn, it is clear that Plaintiff would be prejudiced if the Court exercised its discretion to once again bend the rules for Defendant to allow him to further obstruct and delay relief for the Plaintiff.

December 23 Order, pp. 5-6 (emphasis added).

Given the Court's above express findings, the order Kahlon now seeks, if granted, respectfully could not be squared with the December 23, 2025 Order.

2. Excusable Neglect Not Demonstrated

In any event, applying the above principles to the facts explicitly found in the October 6, 2025 Opinion and Order (ECF No. 146), it is difficult to imagine conduct less excusable and less deserving of Rule 60(b)(1) relief than the acts and omissions Kahlon asks the Court to overlook. Based on the record before the Court on this motion and on the previous contempt motion, the conclusion is inescapable that since April 2024, Haft and/or Defendant willfully disregarded, not only this Court's numerous conference rulings and directives, but also its 2023 Order which directed Defendant, in plain terms, to provide Sigalit with a verified accounting.

Whether viewed separately or in combination, Defendant's own allegations on this motion and this Court's unchallenged explicit findings in the Contempt Order preclude a finding that the conduct in issue was excusable and thus disqualify Defendant from Rule 60(b)(1) relief as a matter of law. Defendant's failure to pass the first hurdle for such relief under the rule renders unnecessary this Court's consideration of Defendant's arguments under the "four factors" test applied in *Dixon v. A Better Way Wholesale Auto's, Inc.*, 692 Fed. Appx. 664 (2nd Cir. 2017). Dft.'s MOL, pp. 4-12, on which Defendant's plea for indulgence relies[8].

3. No Demonstration of a Meritorious Defense

Kahlon seeks, post judgment, leave to file opposition to Plaintiff's motion for contempt, however, has failed to demonstrate a potentially meritorious defense, an essential requirement for such relief. *Cobos, supra,,* 179 F.R.D. 381, 385. First and foremost, Kahlon's motion does not dispute any of this Court's explicit findings of his disobedience of the 2023 Order painstakingly set forth in its October 6, 2026 Opinion and Order of Contempt. Nor does Kahlon dispute

---

[8] Ironically, *Dixon*, Defendant's lone citation in support of his 'excusable neglect' argument is not merely inapposite, the decision directly undermines his position.

disobeying this Court's repeated, subsequent rulings, directions and orders warning him finally to comply with the 2023 Order on pain of contempt. Under the law of contempt, a contemnor's arguments that he had a defense to the order or that the order was erroneous are not considered. Rather, it is axiomatic orders must be obeyed as written until stayed or reversed or modified on appeal.

<div align="center">

**POINT II**

**NOR HAS DEFENDANT MET HIS BURDEN UNDER FED R. CIV. P. 60 (B)(6) TO ESTABLISH EXTRAORDINARY CIRCUMSTANCES WARRANTING VACATUR OF A FINAL JUDGMENT**

</div>

A. <u>Legal Standard</u>

Defendant seeks alternative relief under Rule 60(b)(6). Dft.'s MOL, pp. 12-13. "In typical civil proceedings, [the Second Circuit] *very* rarely grants relief under Rule 60(b)(6) for cases of alleged attorney failure or misconduct." *Congregation Mischknois Lavier Yakov, Inc. v. Bd. of Trs. for Vill. of Airmont*, 301 Fed. Appx. 14 (2d Cir. 2008). Rule 60(b) is a catchall provision, permitting relief for unusual and compelling reasons not explicitly covered by Rule 60(b)(1) – (b)(5). *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 145 S. Ct. 1612, 1619 (2025) ("The text and structure of Rule 60 make clear that relief under Rule 60(b)(6) is available only in narrow circumstances … [and] provides only grounds for relief not already covered by the preceding five paragraphs"). Further, Rule (b)(6) requires "extraordinary circumstances" and is not an open-ended invitation to set-aside judgments. *Id.* at 1618-1620. "The catch-all provision does not permit relief to a client whose counsel has shown gross negligence absent a showing of exceptional circumstances, such as a mental disorder, or to a party who has made deliberate tactical decisions that do not stem from such a mental disorder." *D'Angelo v. State Farm Fire & Cas. Co.*, 32 Fed. Appx. 604 (2nd Cir. 2002).

For purposes of Rule 60(b)(6), to constitute "'extraordinary circumstances', a lawyer's failures must be so egregious and profound that they amount to the abandonment of the client's case altogether, either through physical disappearance or constructive disappearance." *Harris, supra*, 367 F.3d at 81 (citations omitted). Under this standard, "[G]ross negligence of counsel, even combined with an innocent client does not constitute reason justifying relief under Rule 60(b)(6)." *Chakowski v. United States*, 1993 U.S. Dist. LEXIS 16013 * (E.D.Pa.Dist.Ct. Nov. 12, 1993).

Under *BLOM*, yet an additional requirement for relief under Rule 60(b)(6) is the movant's showing he is 'faultless'. *BLOM, supra*, at 1623, citing *Pioneer Investment Svs., supra*, 507 U.S. at 393. "'This very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved." *BLOM, supra*, 605 U.S. at 1620, citing and quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535, 125 S. Ct. 2641 (2005).

Thus, a threshold requirement for relief under Rule 60(b)(6), where a represented party blames his attorney for his default or for some unfavorable litigation outcome, is the party's evidentiary showing his attorney was mentally ill or effectively abandoned his representation. *Harris, supra*, 367 F.3d at 81. In the Second Circuit, this evidentiary showing must meet a "highly convincing" standard. *Cirami, supra*, 563 F.2d at 33.

<u>Analysis</u>

A. <u>Preclusion</u>

As a threshold matter, Kahlon should be precluded by the court's December 23, 2025 Order (ECF No. 167) denying his motion to reopen his time to appeal. *See discussion supra* at p. 7.

B. <u>In Any Event Extraordinary Circumstances Have Not Been Demonstrated</u>

Kahlon's showing on this motion falls far short of any recognized evidentiary standard, much less the Second Circuit's "highly convincing" standard, controlling applications under Rule 60(b)(6). No evidence has been introduced proving Haft was mentally ill. Further, whatever may

have been Haft's offenses, they do not appear so brazenly neglectful as to amount to abandonment of Kahlon's case altogether. Nor are there any other extraordinary circumstances justifying Rule 60(b)(6) relief. To the contrary, the evidence in the record demonstrates that Kahlon engaged in a pattern of dilatory and contemptuous conduct for years and, in particular, was not shy about discharging attorneys after outcomes he viewed unfavorable. Indeed, he discharged Haft almost two months before Sigalit's contempt motion was decided and thus in plenty of time to retain new counsel (to be his fourth) to appear and request an extension to submit opposition. December 23, 2025 Order (ECF No. 167).

As discussed *supra* at pp. 1-3, since Kahlon was already in contempt prior to Haft's conduct about which Kahlon complains, the only consequence of Haft's alleged misconduct was that Kahlon was deprived of the opportunity to submit unsuccessful opposition to Sigalit's motion for contempt.

4.  No Demonstration of a Meritorious Defense

Kahlon seeks, post judgment, leave to file opposition to Plaintiff's motion for contempt, however, has failed to demonstrate a potentially meritorious defense to contempt, an essential requirement for such relief. *Cobos, supra,,* 179 F.R.D. 381, 385. First and foremost, Kahlon's motion does not dispute any of this Court's explicit findings of his disobedience of the 2023 Order painstakingly set forth in its October 6, 2025 Contempt Order. Nor has Kahlon disputed this Court's repeated, subsequent rulings, directions and orders warning him to comply with the 2023 Order on pain of contempt. Second, by the time Sigalit filed her contempt motion, it was already too late to oppose it because, by that time, all of Kahlon's contemptuous conduct had already been committed. Under the law of contempt, Kahlon was not free to disobey the 2023 Order even if he was convinced it was erroneous. It is axiomatic orders must be obeyed as written until stayed or reversed or modified on appeal.

## Conclusion[9]

For the foregoing reasons, the Court should deny Defendant's instant motion and on later motion award Sigalit her reasonable attorneys' fees opposing it[10].

Dated: February 27, 2026

**GORDON & HAFFNER, LLP**
*Attorneys for Plaintiff and Judgment*
*Creditor Sigalit Yehuda*

/s/*Steven R. Haffner*
    Steven R. Haffner (SH 6271)
    480 Mamaroneck Avenue
    Harrison, New York 10528
    (718) 631-5678

---

[9] Beginning at page 13 of Dft.'s MOL, Kahlon asserts arguments in opposition to Sigalit's May 13, 2025 motion, which he asks the Court to consider "[i]f the Court grants [his] Rule 60(b) motion." Sigalit declines to address Kahlon's premature arguments but reserves all rights to oppose any arguments or evidence Kahlon may be allowed to assert after disposition of this motion.

[10] Sigalit requests leave to file an application for attorneys' fees following decision on this motion.

**CERTIFICATE OF COMPLIANCE WITH WORD-COUNT LIMITATION**

Pursuant to the Individual Rules and Practices of the Honorable Margaret M. Garnett, I hereby certify that this Memorandum of Law complies with the applicable word-count limitation. Specifically, this Memorandum contains 3,105 words, as determined by the word-processing program used to prepare the document. This word count excludes the caption, table of contents, table of authorities, signature block, and this Certificate of Compliance, but includes material contained in footnotes.

February 27, 2026

<div style="margin-left:40%">

Respectfully submitted,

/s/ *Steven R. Haffner, Esq.*
Gordon & Haffner, LLP
480 Mamaroneck Ave.
Harrison, New York 10528
718-631-5678
haffner.steven@gmail.com
*Attorneys for Plaintiff Sigalit Yehuda*

</div>



**Connecticut Children's**
282 Washington Street- Hartford, CT 06106 -
www.connecticutchildrens.org
EMERGENCY Department
(860)545-9200

February 25, 2026

Patient:         **Maximiliano Haffner (Max)**
Date of Birth:   **3/31/2013**
Date of Visit:   **2/25/2026**

To Whom It May Concern:

Max Haffner was seen and treated in our emergency department on 2/25/2026.